UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-CV-81161-ROSENBERG/REINHART

UBS FINANCIAL SERVICES INC.
and UBS CREDIT CORP.,

    Plaintiffs,

v.

HOWARD WALZER,

    Defendant.
_____/

## ORDER CONFIRMING ARBITRATION AWARD

This matter comes before the Court on Plaintiffs UBS Financial Services Inc. and UBS Credit Corp.'s (together, "UBS") Petition to Confirm Arbitration Award. DE 1. Defendant Howard Walzer filed a Response in opposition, which incorporates by reference a Petition to Vacate filed *pro se* by Defendant in state court. DE 10. The Court has carefully reviewed Plaintiffs' Petition, Defendant's Response, and is fully advised in the premises. For the reasons set forth below, Plaintiffs' Petition is GRANTED.

### I.    BACKGROUND

Defendant was formerly employed by UBS as a financial advisor, and during his employment he received seven loans from UBS totaling $1,267,999.00, executing a promissory note in connection with each loan. DE 1 ¶ 8. Defendant resigned on December 18, 2015, and pursuant to the terms of the notes, his resignation caused the unpaid balances of the loans to become immediately due. DE 1 ¶¶ 9–10. Defendant failed to pay the balance due under the notes, and on March 25, 2016, Plaintiffs initiated an arbitration pursuant to the notes' express arbitration

provision under the rules of the Financial Industry Regulatory Authority ("FINRA"). DE 1 ¶¶ 11–13.

Defendant sought and obtained four postponements of the arbitration hearing. DE 1-1 at 3. On February 22, 2019, Defendant requested a fifth postponement of the hearing, which at that point had been scheduled for March 5, 2019. *Id.* at 3–4. The basis for the request was that Defendant suffered from a medical condition which made him unable to focus or remain in a sitting position, and Defendant submitted a letter from his neurologist indicating such. *Id.*; DE 10-1 at 19. The arbitration panel denied this request but asked that Plaintiffs and FINRA permit Defendant to appear by videoconference, with his counsel physically present. DE 1-1 at 4. This accommodation was permitted. *Id.* On March 1, 2019, one business day before the hearing, Defendant submitted another postponement request, including additional evidence of Defendant's medical treatment and side effects caused by Defendant's medication. *Id.* The panel did not consider this postponement request because of its proximity in time to the hearing. *Id.*

On the date of the hearing, both Defendant and Defendant's counsel appeared by videoconference, but due to technical issues, the panel requested that Defendant's counsel appear in person as previously contemplated. *Id.* Defendant's counsel arrived two and a half hours after the scheduled start of the hearing. *Id.* He renewed his argument that the hearing should be postponed because of his client's inability to participate in the proceedings. *Id.* The panel then reviewed the previously submitted medical records, which the panel concluded were incomplete in various respects. *Id.* After taking evidence and testimony from both sides, the panel determined that Defendant had not adequately demonstrated this his medical condition prevented him from participating in the proceedings. *Id.* The arbitration continued, with Defendant observing by

videoconference with intermittent technical issues, such as the video feed freezing and the audio cutting in and out. DE 10-1 at 4 ¶ 23.

On March 26, 2019, the panel issued an award in favor of Plaintiffs, granting $791,265.94 in compensatory damages for the loan balances, $43,566.66 in pre-judgment interest, $57,084.88 in attorney's fees and costs, and $37.15 per diem in post-judgment interest ("the Award"). DE 1-1 at 13. Plaintiffs now seek confirmation of the Award under the Federal Arbitration Act. 9 U.S.C. § 9. Defendant argues that the Award should be vacated under the Florida Arbitration Code, alleging: (1) the arbitrators failed to postpone the hearing upon a showing of sufficient cause, in violation of Fla. Stat. § 682.13(1)(c); and (2) the arbitrators exceeded their authority in violation of Fla Stat. § 682.13(1)(d).

## II. LEGAL STANDARD

"A federal court's review of an arbitration award is highly deferential and extremely limited." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1271 (11th Cir. 2015). The court should presume that the arbitration award will be confirmed and should defer to the arbitrator's resolution of the dispute whenever possible. *Lifecare Int'l, Inc. v. CD Medical, Inc.*, 68 F.3d 429, 433 (11th Cir. 1995). An arbitration award can be set aside only in narrow circumstances. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). The party requesting that the arbitration award be vacated has the burden to prove a basis for vacatur. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1289 (11th Cir. 2002). In the absence of such a basis, "the court must grant" an order confirming the award. 9 U.S.C. § 9.

When an arbitration agreement involves interstate commerce, the Federal Arbitration Act ("FAA") governs, supplemented by the Florida Arbitration Code ("FAC") to the extent that the FAC does not conflict with the FAA. 9 U.S.C. §§ 1–2; *see Kong v. Allied Prof'l Ins. Co.*, 750 F.3d 1295, 1303 (11th Cir. 2014) (explaining that the FAA applies to all contracts involving interstate commerce); *Belz v. Morgan Stanley Smith Barney, LLC*, No. 3:13-cv-636, 2014 WL 897048, *5 (M.D. Fla. Mar. 5, 2014) (stating that "the law is settled that in a case . . . involving interstate commerce, the FAC applies only to the extent that it is not in conflict with the FAA"); *see also Commercial Interiors Corp. of Boca Raton v. Pinkerton & Laws, Inc.*, 19 So. 3d 1062, 1064 n.2 (Fla. 5th Dist. Ct. App. 2009) (noting that the grounds to vacate an arbitration award under the FAA and the FAC "are essentially the same").

### III. DISCUSSION

Plaintiffs seek confirmation of the Award under the FAA, and Defendant argues that the award should be vacated under Fla. Stat. § 682.13. When the underlying agreement between the parties is one involving interstate commerce, the FAA supersedes state regulation of arbitration agreements. *Kong*, 750 F.3d at 1303 ("[I]f a contract involves interstate commerce, a court must resolve arbitration disputes according to the FAA . . . ."). Although Defendant has couched his objection to the Award in terms of Florida law, he has not argued that the parties' agreement to arbitrate contained within the promissory notes are exempt from the FAA. The Court concludes that the FAA applies because the promissory notes between the parties involve interstate commerce. Plaintiffs are Delaware corporations, UBS Financial Services Inc. has its principal place of business in Delaware, and UBS Credit Corp. is one of its affiliates. DE 1 at 1–2 ¶¶ 2–3. Defendant is a Florida citizen. *Id.* at 2 ¶ 3. Because notes evidencing roughly $1.3 million in loans

between diverse parties affect interstate commerce, the notes are contracts involving commerce and therefore the FAA applies. *See Allied-Bruce Terminix v. Cos. v. Dobson*, 513 U.S. 265, 277 (1995) ("[W]e conclude that the word 'involving,' like 'affecting,' signals an intent to exercise Congress' commerce power to the full."). Accordingly, the Court construes Defendant's objections to the arbitration award under the FAA's substantially identical provisions to the Florida statutes he cites: 9 U.S.C. §§ 10(a)(3) and 10(a)(4).

**A. The arbitrators were not guilty of misconduct in refusing to postpone the hearing**

Subsection (a)(3) permits courts to vacate an arbitration award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3); *see also* Fla. Stat. § 682.13(1)(c) (providing for vacatur when the "arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement"). Defendant argues that he demonstrated sufficient cause to postpone the hearing because: (1) he provided a note from his neurologist describing his medical condition; (2) the videoconference system functioned poorly, impeding his ability to participate and confer with counsel; and (3) the panel refused to take a call from Defendant's neurologist while the proceedings were underway.

Where arbitrators give no reason for denying a request to postpone a hearing, an award may be vacated on this ground only if no reasonable basis existed to refuse postponement. *Schmidt v. Finberg*, 942 F.2d 1571, 1574–75 (11th Cir. 1991) (stating that, where there is a good reason for the refusal to postpone, it has not been shown that there was "sufficient cause" for postponement). Here, the Court concludes that the panel was not guilty of misconduct by refusing

5

to postpone the hearing. First, and most importantly, the panel had already postponed the hearing *four times* at Defendant's request. This presumably contributed to the late date of the hearing, which was held more than two years after Defendant filed his answer and affirmative defenses in the arbitration. DE 1-1 at 2. Second, the panel permitted Defendant to appear by videoconference. Defendant argues that this was inadequate because the videoconference system experienced intermittent disruption. He also notes that a FINRA representative cancelled a planned test run of the videoconference system the day before the hearing. But the panel could have reasonably determined that the videoconference issues were not sufficient cause to postpone the hearing for a fifth time. Whatever the severity of the technical issues, the panel went out of its way to permit Defendant to appear remotely, and the panel delayed the proceedings for another two-and-a-half hours to allow Defendant's counsel to appear physically.

Finally, the panel did not err in refusing to take a call from Defendant's neurologist in the middle of the proceedings. The panel had already received evidence on Defendant's medical condition in connection with Defendant's postponement requests of February 22 and March 1, and it concluded that Defendant's assertions were not supported by the medical records. The panel could have reasonably determined that a phone call from Defendant's neurologist after proceedings were already underway would be more disruptive than elucidating. At any rate, Defendant should have included any pertinent information from his neurologist in his February 22 postponement request. Accordingly, the panel's refusal to postpone the hearing for a fifth time is not a basis for vacating the Award.

## B. The arbitrators did not exceed their powers

Subsection (a)(4) permits courts to vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4); see also Fla. Stat. § 682.13(1)(d) (providing for vacatur when the "arbitrator exceeded the arbitrator's powers"). The scope of a court's review under this subsection is limited "because the scope of the arbitrator's authority is so broad." *Winegrass Metal Trades Council AFL-CIO v. Shaw Envt'l & Infrastructure, Inc.*, 837 F.3d 1083, 1087 (11th Cir. 2016). Courts "must defer entirely to the arbitrator's interpretation of the underlying contract no matter how wrong" the interpretation may be. *Id.* However, an arbitrator exceeds her authority when "she modifies the contract's clear and unambiguous terms." *Id.* at 1088. When an arbitrator "even arguably" interprets the parties' agreement, vacatur is inappropriate. *Id.* (quoting *Oxford Health Plans, LLC v. Sutter*, 569 U.S. 564, 569 (2013)).

Defendant argues that the panel exceeded its authority in four ways. First, the panel enforced the promissory notes even though the notes apparently lacked documentary tax stamps required under Fla. Stat. § 201.08. Second, the panel did not require UBS to produce the original notes in accordance with Fla. Stat. § 673.3091. Third, Defendant argues that UBS Credit Corp. is not a member of FINRA and therefore was not entitled to participate in a FINRA-managed arbitration. Finally, Defendant argues that the Award must be vacated because it does not distinguish the attorney's fees attributable to each of the two UBS entities.

As the party seeking vacatur, the burden is on Defendant to show that the panel modified the arbitration agreement's clear and unambiguous terms. *Riccard*, 307 F.3d at 1289. Defendant

7

has not satisfied his burden to show that the panel modified the contract's clear and unambiguous terms with respect to any of the above claims. Defendant has not submitted to the Court the promissory notes containing the arbitration provision, and the Court cannot determine that the panel exceeded its powers conferred under the parties' contract without reviewing the arbitration provision at issue. Accordingly, Defendant has not rebutted the "presumption under the FAA that arbitration awards will be confirmed." *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010).

The Court also notes that Defendant's objections under subsection (a)(4) are essentially assertions of legal error regarding (i) an affirmative defense to enforcement of the notes, (ii) an evidentiary objection, (iii) the panel's construction of FINRA rules regarding the parties entitled to participate in the arbitration, and (iv) an objection to the form of the award. These are not bases for vacatur because courts do not exercise general appellate review of arbitration awards. Rather, "'the sole question' a court should ask under the exacting standards of section 10(a)(4) 'is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong.'" *See So. Comm'ns Servs., Inc. v. Thomas*, 720 F.3d 1352, 1359 (11th Cir. 2013) (quoting *Oxford Health Plans*, 569 U.S. at 569). Because Defendant has not shown that the arbitration panel failed to even arguably interpret the parties' contract, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Petition to Confirm Arbitration Award [DE 1] is **GRANTED**.

2. The arbitration award *In the Matter of the Arbitration Between UBS Financial Services Inc./UBS Credit Corp. and Howard Walzer* dated March 26, 2019 [DE 1-1] is **CONFIRMED**.

3.  The Clerk of the Court is instructed to **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 26th day of December, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record